NO. 07-08-0032-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 8, 2008

_____

GERALD BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY;

NO. F-2007-0448-D; HONORABLE BRUCE MCFARLING, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant, Gerald Brown, was convicted by a jury of theft, enhanced, and punishment was assessed at sixteen years confinement. He filed a notice of appeal challenging his conviction. The clerk's record filed on April 1, 2008, contains the *Trial Court's Certification of Defendant's Right of Appeal.* However, the certification is not

signed by Appellant as required by Rule 25.2(d) of the Texas Rules of Appellate Procedure.[1]  Neither does the form comply with the Rule.[2]

Consequently, we abate this appeal and remand this cause to the trial court for further proceedings.  Upon remand, the trial court shall utilize whatever means necessary to secure a proper *Certification of Defendant's Right of Appeal* in compliance with Rule 25.2(d).  Once properly completed and executed, the certification shall be included in a supplemental clerk's record.  *See* Tex. R. App. P. 34.5(c)(2).  The trial court shall cause this supplemental clerk's record to be filed with the Clerk of this Court by May 23, 2008.  This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification.  If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this matter will be referred to the Court for dismissal.  *See* Tex. R. App. P. 25.2(d).

Also pending before this Court is the Court Reporter's letter indicating that no action has been taken regarding preparation of the Reporter's Record because she has not received a designation of record pursuant to Rule 34.6(b)(1) and arrangements for payment have not been made as required by Rule 35.3(b)(3).  A review of the Clerk's

---

[1]Effective September 1, 2007, Rule 25.2(d) was amended.  Rule 25.2(d) now requires that a defendant sign the certification and receive a copy.  Additionally, the form provides certain admonishments to a defendant not previously required.

[2]The proper form for *Certification of Defendant's Right of Appeal* is contained in Appendix D to the 2008 Texas Rules of Appellate Procedure.

2

Record reveals that a designation of record has been made. Appellant's counsel is ordered to certify to this Court, on or before April 28, 2008, whether satisfactory arrangements for payment of the reporter's fee have been made. Failure to comply with the Court's directive may result in the appeal being abated a second time and the cause remanded to determine why Appellant is being deprived of a Reporter's Record. *See* Tex. R. App. P. 37.3(a)(2).

It is so ordered.

Per Curiam

Do not publish.